O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | Case No. 2:15-CV-08726 (VEB) |
|---|---|
| ASTRID LISSETTE REYES, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In May of 2011, Plaintiff Astrid Lissette Reyes applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorney, James P. Shea, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10). On August 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 15).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on May 3, 2011, alleging disability beginning March 18, 2009. (T at 236).[1]   The application was denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 19, 2013, a hearing was held before ALJ Joel Martinez. (T at 43). Plaintiff appeared, but was unrepresented and was granted an adjournment. (T at 45). A second hearing was held on October 1, 2013.  Plaintiff appeared with an attorney. (T at 49).  The ALJ adjourned the hearing again, explaining that he wanted Plaintiff to have a consultative examination and intended to seek testimony from a medical expert. (T at 52).  The third hearing was held on March 4, 2014, before a new ALJ,

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

Michael Kopicki. (T at 55). Plaintiff appeared with her attorney and testified. (T at 60-63, 94-107).  The ALJ also received testimony from two medical experts, Dr. Lorber (T at 63-84) and Dr. McDevitt (T at 84-94), and from Jane Haile, a vocational expert. (T at 107-114).

On May 12, 2014, ALJ Kopicki issued a written decision denying the application for benefits.   (T at 16-41).   The ALJ's decision became the Commissioner's final decision on September 12, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On November 9, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on April 6, 2016. (Docket No. 12). The parties filed a Joint Stipulation on June 28, 2016. (Docket No. 14).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

3

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

1    Commissioner to show that (1) plaintiff can perform other substantial gainful

2    activity and (2)  a "significant number of jobs exist in the national economy" that the

3    claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

4    **B.    Standard of Review**

5         Congress has provided a limited scope of judicial review of a Commissioner's

6    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

7    made through an ALJ, when the determination is not based on legal error and is

8    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

9    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

10        "The [Commissioner's] determination that a plaintiff is not disabled will be

11   upheld if the findings of fact are supported by substantial evidence." *Delgado v.

12   Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

13   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

14   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

15   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

16   reasonable mind might accept as adequate to support a conclusion." *Richardson v.

17   Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

18   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

19   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

20

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 18, 2009, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"). (T at 21).  The ALJ found that Plaintiff's lumbosacral strain; right cubital

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

tunnel and de Quervain syndrome;[2] status post right shoulder subacromial decompression; distal clavicle resection and acromioclavicular joint resection; right knee patellofemoral syndrome; disc protrusions at multiple levels of the cervical spine with hypertrophic/osteophyte changes at C5-6 and C6-7; status post left ulnar nerve transportation; dysthymic disorder; somatoform pain disorder; and mixed personality traits were "severe" impairments under the Act. (Tr. 21-22).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours in an 8-hour workday and sit for 6 hours, but was limited to sitting, standing, or walking for no more than one hour at a time. (T at 23-24). The ALJ found that Plaintiff was precluded from crawling, climbing ropes, ladders or scaffolds, but could occasionally engage in other postural activity. (T at 24). The ALJ concluded that Plaintiff was limited to frequent pushing, pulling, handling, and fingering with the upper extremities, as well as overhead reaching on the right side.

---

[2] de Quervain syndrome is a tenosynovitis of the sheath or tunnel that surrounds two tendons that control movement of the thumb.

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

With regard to mental impairments, the ALJ found that Plaintiff was limited to simple, repetitive tasks with only occasional public contact. (T at 24).

The ALJ noted that Plaintiff could not perform her past relevant work as an administrative assistant. (T at 32).   Considering Plaintiff's age (40 years old), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 33).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between March 18, 2009 (the alleged onset date) and May 12, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 34). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.   Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 15, at p. 2-3), Plaintiff offers four (4) main arguments in support of her claim that the Commissioner's decision should be reversed.   First, she argues that the ALJ did not properly assess the medical opinion evidence.   Second, Plaintiff contends that the ALJ erred when evaluating her somatoform disorder.   Third, Plaintiff challenges the ALJ's credibility

determination.   Fourth, Plaintiff asserts that the ALJ did not properly evaluate the opinion of Dr. Ness.

However, this Court finds that one of Plaintiff's arguments is meritorious and impacted several aspects of the ALJ's decision and a remand is therefore required on this basis.

## IV. ANALYSIS

On the whole, the ALJ's decision is quite detailed and generally well-reasoned.  However, the ALJ made a critical omission that materially undermines several aspects of the decision.

The ALJ recognized that Plaintiff had a severe impairment of somatoform pain disorder. (T at 21-22).   Somatoform disorder is a psychological disorder characterized by physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms. *See* 20 C.F.R. § 404, Subpt. P. App. 1, § 12.07.

People with somatoform disorders are generally considered to perceive real pain. The disorder has been defined as "a chronic, severe psychiatric disorder characterized by many recurring clinically significant physical complaints (including pain . . .) that cannot be explained fully by a physical disorder." *Shuet-Cheng Lam v.*

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

*Barnhart*, No. 03-2886 PJH, 2004 U.S. Dist. LEXIS 25197, at \*10 (N.D. Cal. Dec. 3, 2004) (quoting *The Merck Manual of Diagnosis and Therapy* 1508 (Mark H. Beers, M.D. & Robert Berkow, M.D. eds., 17th ed. 1999)).

Here, the ALJ recognized that Plaintiff suffered from somatoform disorder, but then did not adequately consider the impact of that disorder when determining Plaintiff's RFC or when evaluating her credibility. Indeed, at several critical points, the ALJ cited the discrepancy between Plaintiff's subjective complaints and the objective evidence as a reason for discounting the complaints, without recognizing that this discrepancy could, in fact, have been a manifestation of somatoform disorder.

For example, the medical record contains several reports from treating physicians indicating that Plaintiff is limited to less than sedentary work, "temporarily totally disabled," and unable to return to work. (T at 28). The ALJ acknowledged that these reports identified "a number of clinical findings, which, if viewed in isolation or superficially tend[ed] to support the imposition of greater limitations" than he included in the RFC determination. (T at 25).

The ALJ then discounted the treating physician opinions. One of the key reasons cited by the ALJ in support of this decision was the "serious concerns regarding the reliability of claimant's allegations." (T at 28). In particular, the ALJ

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

noted "evidence indicating that [claimant] may be overstating and/or exaggerating her symptoms" and faulted the treating physicians for having failed to adequately account for Plaintiff's questionable credibility. (T at 28). Indeed, the ALJ concluded that Plaintiff's treating physicians should have been alert to the possibility that Plaintiff "might be overstating or exaggerating symptoms *for secondary gain*." (T at 28)(emphasis added). In making this finding, the ALJ offered no indication that he considered the possibility that Plaintiff might be "overstating or exaggerating symptoms" because of a severe mental impairment.

The ALJ also discounted Plaintiff's subjective complaints, finding that there was "simply … not enough consistent evidence to make her allegations readily believable." (T at 31). The ALJ cited suggestions from medical consultants that "there [was] an element of exaggeration on the claimant's part with respect to her complaints, and … her allegations are out of proportion to the objective evidence." (T at 31). The ALJ noted, for example, that Plaintiff complained of severe pain in her neck, low back, right shoulder, elbow, wrist, right hop, right knee, and left wrist. (T at 32). However, the ALJ discounted these reports because there was "little objective medical evidence which remotely support[s] such pain complaints …." (T at 32). The ALJ found "ample reason to be cautious [about] accepting [Plaintiff's] allegations in the absence of substantial objective medical support." (T at 32).

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

1   Critically missing from these findings is recognition of the fact this is

2   precisely the presentation one would expect from a person with somatoform pain

3   disorder -- a disorder "remarkable for the absence of objective findings to fully

4   explain the many subjective complaints." *King v. Barnhart*, 2004 U.S. Dist. LEXIS

5   17529, *13 (N.D. Cal. Aug. 16, 2004)(quoting DSM-IV-TR at 487 (2000)).

6   Indeed, Dr. Robert McDevitt, the psychiatric medical expert who testified at

7   the administrative hearing, opined that Plaintiff's somatization was "pathogenic at

8   this point" (T at 87).  Dr. McDevitt opined that Plaintiff was not "malingering," but

9   was experiencing "a kind of process that's beyond her." (T at 93).  The ALJ gave

10  "greater weight" to Dr. McDevitt's opinion (T at 24), but did not specifically address

11  the impact of these observations when assessing Plaintiff's RFC.

12  This Court does not intend to suggest that the subjective allegations of every

13  claimant with somatoform disorder must be accepted uncritically.  It is well-settled

14  that subjective symptomatology by itself cannot be the basis for a finding of

15  disability and there is no "somatoform exception" to this rule. *See Owens v. Colvin*,

16  No. 12cv5549, 2013 U.S. Dist. LEXIS 65927, at *39-40 (W.D.Wa. Apr. 3, 2013)("A

17  claimant with somatoform disorder may nevertheless also be a malingerer. Also, a

18  claimant with somatoform may not be a credible witness because of the nature of the

19  condition.").

20

1    However, in this case, the ALJ found a severe impairment of somatoform

2    disorder and then repeatedly cited the discrepancy between objective evidence and

3    subjective complaints to justify his decision, without ever addressing the possibility

4    that the discrepancy was evidence of impairment, as opposed to evidence of

5    malingering or exaggeration for secondary gain.  This Court would have been bound

6    to defer to the ALJ's assessment of the evidence if it were confident that the ALJ

7    had considered and accounted for all of the material possibilities at issue.  For the

8    reasons outlined above, this Court does not have such confidence and therefore finds

9    that a remand is necessary.

10   With that said, this Court finds that a remand for further proceedings, as

11   opposed to a remand for calculation of benefits, is the appropriate remedy.  Remand

12   for additional proceedings is proper where (1) outstanding issues must be resolved,

13   and (2) it is not clear from the record before the court that a claimant is disabled. *See*

14   *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

15   Here, the outstanding issue to be resolved is whether and to what extent

16   Plaintiff's somatoform disorder is the cause of the discrepancy between the

17   subjective complaints and objective evidence.  Once that issue has been resolved, the

18   Plaintiff's credibility should be reconsidered and the RFC determination revisited.

19   However, it is not clear from the record before this Court that Plaintiff is

20

14

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB

disabled.  Indeed, the ALJ's highly detailed decision provides several reasons for believing that Plaintiff may not be disabled.  Although this Court's confidence in that decision is undermined, and a remand is required, because of the errors outlined above, a remand for calculation of benefits would not be appropriate under these circumstances. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 9th Day of November, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

15

DECISION AND ORDER – REYES v COLVIN 2:15-CV-08726-VEB